USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________No. 97-1447 UNITED STATES, Appellee, v. ANGELO TORRES-BAEZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Daniel R. Dominguez, U.S. District Judge] ____________________ Before Boudin, Circuit Judge, Coffin, Senior Circuit Judge, and Lynch, Circuit Judge. ____________________ Johnny Rivera-Gonzalez on brief for appellant. Guillermo Gil, United States Attorney, Camille Velez-Rive and NelsonPerez-Sosa, Assistant United States Attorneys, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, on brief for appellee. ____________________ March 26, 1998 ____________________ Per Curiam. Upon careful review of the briefs and record, we perceive no merit in appellant's contentions. While there may be some question about the standard of review applicable to appellant's first-time challenge to his guilty plea, see United States v. Martinez-Martinez, 69 F.3d 1215, 1219-20 (1st Cir. 1995), we need not resolve that uncertainty here.  Rule 11 requires the district court to determine that the plea in voluntarily and intelligently entered, but there is no specific requirement that the district court ask about prescription drug use. Carey v. United States, 50 F.3d 1097, 1099 (1st Cir. 1995). However, once informed that the defendant has ingested substances capable of impairing his ability to make a knowing and intelligent waiver of his constitutional rights, the district court must broaden its inquiry to determine the dosages consumed and the effects, if any, such medications might be likely to have on the defendant's clear-headedness. United States v. Parra-Ibanez, 936 F.2d 588, 596 (1st Cir. 1991).  Here, appellant complains that the district court should have broadened its inquiry in light of a psychiatric evaluation report (then 5 months old) indicating that appellant used insulin and Prozac. However, the transcript of the plea hearing itself shows that defendant specifically denied recent use of any drug: he was asked whether he was "presently on medication or have you used any narcotic drug within the last twenty-four hours?" and he answered, "No." Based solely on that record before us, we decline to require any further inquiry. The facts of this case are distinguishable from those in Parra-Ibanez, and so the result reached there does not obtain here. Rule 11 requirements do not apply to sentencing hearings, and so we reject appellant's claim that the district court was required to conduct a colloquy at sentencing. And appellant's claim regarding the interpreters involved in his psychiatric evaluation is wholly without merit. Affirmed. See 1st Cir. Loc. R. 27.1.